UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JASON DANIEL ESLICK,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

Case Number 16-01490
Criminal Case Number 09-00173
Honorable David M. Lawson

## ORDER DENYING MOTION TO VACATE SENTENCE

On June 21, 2016, the petitioner filed a motion asking the Court to vacate his sentence under 28 U.S.C. § 2255 and order that he be resentenced. The Court has reviewed the record of the proceedings and the submissions of the parties and now finds that the petitioner has not established that he is in custody under a constitutionally defective judgment of sentence. The motion therefore will be denied.

Following a guilty plea, petitioner Jason Daniel Eslick was convicted in 2011 of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Pursuant to his Federal Rule of Civil Procedure 11(c)(1)(C) plea agreement, the parties stipulated that Eslick was subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA") as the result of numerous prior felony convictions, which included, in pertinent part, four convictions for aggravated burglary in Tennessee. The parties agreed that the petitioner should be sentenced to a term of imprisonment of 180 months. The Court thereafter accepted the plea agreement, and, on April 27, 2011, sentenced the petitioner to 180 months in prison. He did not appeal.

A federal prisoner challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceeds the maximum penalty allowed by law, or the conviction

"is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

As an initial matter, in their briefing the parties engaged in some protracted jousting over whether the petitioner's *Johnson* claim was timely filed or procedurally defaulted. However, those issues are of no consequence to the disposition of the matter, because the Court is not required to address questions relating to pleading deficiencies or procedural hurdles before evaluating the merits of the claim. *See Johnson v. United States*, 735 F. App'x 1007, 1010 (11th Cir. 2018) ("The government contends [that the petitioner] procedurally defaulted on his Johnson claim because he failed to raise it in his direct appeal. We decline to address the procedural default issue because his Johnson claim loses on the merits in any case."). The petitioner also argues that he is entitled to press his claim if it is "possible" that the sentencing court relied on an unconstitutional provision of the law as the anchoring clause for his sentence enhancement. However, the petitioner's claim is without merit if the qualifying convictions unambiguously are covered by another pertinent, directly applicable, and indisputably valid coordinate provision of the statute. *See Chaney v. United States*, 917 F.3d 895, 899 (6th Cir. 2019) (holding that "a petitioner may bring a [*Johnson*] claim challenging his status as an armed career criminal in a first § 2255 motion . . . so long as the sentencing court *might have* relied on the residual clause to enhance the sentence under the ACCA" but nevertheless affirming petitioner's sentence after concluding that convictions for Michigan attempted armed robbery qualify under the intact ACCA enumerated offense clause).

Turning to the merits of the claim, the Court now finds that the petitioner's argument is without merit, and his motion must be denied. The petitioner argued that he is entitled to relief under *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague, and the Sixth Circuit's decision in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017), which held that a conviction for aggravated burglary in Tennessee does not qualify as a violent felony predicate offense under the ACCA. However, the Supreme Court granted *certiorari* in *Stitt* and, in a recent decision, reversed the Sixth Circuit, holding that a conviction for aggravated burglary under Tenn. Code §§ 39-14-403(a), 39-14-401(1)(A), (B) (defining "aggravated burglary as "burglary of a habitation"), qualifies as a "violent felony" under the ACCA's so-called "enumerated offense" clause in 18 U.S.C. § 924(e)(2)(B)(ii), without resort to the now defunct "residual clause" definition. *United States v. Stitt*, --- U.S. ---, 139 S. Ct. 399, 406 (2018) ("The relevant language of the Tennessee . . . statute[] falls within the scope of generic burglary's definition as set forth in [*Taylor v. United States*, 495 U.S. 575 (1990)]."). In assessing the defendant's status under the ACCA, the Court considered four of the defendant's prior convictions for aggravated burglary and found that they qualified as violent felonies under the ACCA. Under the recent controlling guidance from the Supreme Court in *Stitt*, there was no error of constitutional dimension in that conclusion.

Because the petitioner's four aggravated burglary convictions unquestionably qualify under the enumerated offense clause, without resort to the constitutionally defective residual clause, the petitioner has not established that he is entitled to relief from his ACCA-enhanced sentence.

Accordingly, it is **ORDERED** that the petitioner's motion to vacate his sentence is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge  
Sitting by special designation

Date: September 27, 2019